# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **GREGORY WARREN KELLY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19CV00032 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TOWN OF ABINGDON, VIRGINIA,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Monica L. Mroz*, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Plaintiff; *Cameron S. Bell* and *Ramesh Murthy*, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Defendant.

Pending before the court are pretrial motions filed by the parties. The motions have been briefed and argued and are ripe for decision.

Plaintiff Kelly became the Town Attorney for the Town of Abingdon, Virginia ("Town") in 2005. He was appointed Town Manager in September 2006. The Town Council meeting minutes from that month provided that

> [t]he agreed terms of the employment between Greg Kelly as Town Manger and the Town of Abingdon include the following:
>
> **I.** <u>**Compensation**</u>
>
> a. $100,000 base salary with standard Town employee benefits. Salary to be reviewed at least yearly upon the adoption of each year's annual budget.
> b. $3,100.00 (or such amount representative of the annual cost of health insurance) to be paid into an ICMA, VRS or equivalent retirement plan as designated by the Town

        Manager on November 1, 2006 and each fiscal year thereafter.

    c.    The guarantee to return to the position of Town Attorney should serving in the capacity of Town Manager not be successful.

    d.    Nine (9) Months severance pay at the current amount of the Town Manager's salary and benefits at the time of departure if serving in the capacity of Town Manager is not successful and the position of Town Attorney is not available.

**II.** **Education Expenses**

    a. The Town will pay all educational and incidental expenses in the pursuit of a Master's Degree in Public Administration or related field.

    b. The cost of all annual Continuing Legal Education and incidental expenses required by the Virginia State Bar to remain actively licensed to practice law in Virginia.

    c. All membership fees, conference costs and incidental expenses for LGA, IMLA, ICMA and VML.

Mem. Supp. Mot. Summ. J. Ex. 1, Kelly Dep. Ex. W, ECF No. 63-1.

In his deposition, Kelly discussed how he had negotiated the terms of his employment with the Town Council at the time. Kelly requested that he be entitled to a severance payment equaling two years of his salary and benefits, and the Town Council countered by offering three months of severance pay. Some back and forth ensued, and the parties settled on a severance payment equal to nine months of Kelly's salary plus benefits. Regarding the "not successful" term stated in the meeting minutes, Kelly testified:

> Basically, it was my understanding, and I think council's understanding, that if something didn't work out between either party

> that required me to walk away or for them to get rid of me, it would be deemed unsuccessful, and I would be entitled to nine months severance at the rate that I was earning at that time, not at the $100,000 rate.

Pl.'s Br. Opp'n Mot. Summ. J. Ex. 1, Kelly Dep. 20, ECF No. 72-1. Kelly testified that the minutes were simply a summary of the parties' agreement and that the terms were later memorialized in a separate formal employment contract signed by Kelly and the Town's Mayor, who was also a Council member, but that this signed final employment contract has either been lost or never existed. Kelly has produced an unsigned draft employment contract that he says he prepared at the direction of a Council member. The draft agreement that Kelly has produced does not include the phrase "not successful" or anything similar. Instead, it states that should Kelly "cease to be employed by the Town of Abingdon, Virginia, regardless of reason (i.e. resignation, termination, or retirement, etc.), he shall be entitled to nine (9) months of severance pay at the rate of his salary at the time of ceasing employment." *Id.* at Ex. 12, Employment Contract 3, ECF No. 72-12. No evidence has been presented that this written contract was ever approved by the Town Council.

Kelly served as Town Manager for approximately 12 years. On April 18, 2018, he resigned, effective May 7, 2018. At that time, the position of Town Attorney was not available. Thereafter, Kelly filed this action, asserting various federal law claims, as well as a pendent state breach of contract claim, based on the Town's failure to pay him the severance pay as described in the Council minutes.

The court previously dismissed or granted judgment for the Town on the federal claims, leaving only the breach of contract claim for jury trial.

Virginia substantive law governs the breach of contract claim brought pursuant to the court's supplemental jurisdiction. *Musselwhite v. Mid-Atl. Rest. Corp.*, 809 F. App'x 122, 127 (4th Cir. 2020) (unpublished) (citing *S. Atl. Ltd. P'ship of Tenn., LP v. Riese*, 284 F.3d 518, 530 n.15 (4th Cir. 2002)).

"A contract will be enforced if its obligations are reasonably certain." *R.K. Chevrolet, Inc. v. Hayden*, 480 S.E.2d 477, 480 (Va. 1997). The parties do not contend that the language of the Council's minutes setting forth the terms of the employment agreement is ambiguous. Both sides agree that the issue for the jury is whether Kelly's service as Town Manager was "not successful." The Town takes the position that Kelly's service was <u>not</u> "not successful," — in other words, that it was successful. Kelly claims that because of the treatment of him by Council members prior to his resignation, he could not effectively carry out his duties and thus he was not successful and is entitled to the severance payment.

While the parties agree as to the meaning of the contract language, the Town takes the position that Kelly should be limited to "objective" evidence of his lack of success, by which it seeks to preclude testimony of his alleged bad treatment and the effect of that treatment on him as it may have affected his ability to provide successful service to the Town. I find the Town's argument without merit. I find

that the jury should be able to consider any admissible evidence as to whether Kelly's service to the Town was "not successful" as of the time of his resignation, as considered by either a reasonable municipality or a reasonable town manager. It is an objective determination by the jury, and not simply whether either Kelly or the Town subjectively considered his services successful or not.

For the foregoing reasons, and for the reasons stated on the record at the hearing on the pending motions, it is **ORDERED** as follows:

1. Defendant's Motion in Limine, ECF No. 85 is GRANTED IN PART AND DENIED IN PART. The motion is denied to the extent it would foreclose evidence and argument as to the actions and conduct of Council members that support the plaintiff's claim that he was not successful. It is granted to the extent that the plaintiff seeks to reference specific legal causes of action which have been previously dismissed;

2. Defendant's Supplemental Motion for Summary Judgment and Second Motion in Limine, ECF No. 86, is GRANTED IN PART AND DENIED IN PART. The motion seeking summary judgment is denied as untimely. The motion in limine is granted to the extent that evidence and argument concerning the alleged written employment contract is excluded in light of the undisputed fact that it was never approved by the Town Council.

3. Plaintiff's First Motion in Limine, ECF No. 88, is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that (a) the defendant must not seek to introduce evidence or witnesses not previously disclosed except as permitted by the Rules, and (b) the defendant must not advise the jury that other causes of action have been dismissed. It is denied to the extent it seeks to preclude otherwise admissible evidence that the plaintiff likely would have been reappointed as Town Manager.

4. Plaintiff's Motion to Strike the Supplemental Motion for Summary Judgment, ECF No. 89, is DENIED as moot.

ENTER: September 22, 2021

/s/ JAMES P. JONES
Senior United States District Judge